IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 1:99-cr-00015-MP-AK

FRANK MEROLD,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 1010, Motion to Extend Time to File Objections to Report and Recommendation, and Doc. 1012, Notice of Appeal, filed by Defendant Frank Merold. In his motion, Defendant Merold states that because his correctional institution is on lock-down status, he has been unable to access legal materials in order to complete his objections to the Magistrate Judge's Report and Recommendation. On account of this, Defendant requests an extension of the deadline in which to file his objections. In the alternative, Defendant has filed a Notice of Appeal of the Court's order adopting the Report and Recommendation of the Magistrate Judge.

By prior order, the Court adopted the Magistrate's Report and denied Defendant's motion to vacate, with no objections having been filed. Doc. 1008. The Magistrate filed the Report on May 15, 2007, which included a notice to the parties that failure to "file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation . . . limits the scope of review of proposed factual findings and recommendations." Defendant filed the instant motion on June 28, 2007, thus rendering his request untimely. Under some circumstances, a court may consider an untimely filed objection. Federal Rule of Civil Procedure 6(b) describes the method for calculating filing

deadlines and the conditions under which a court may modify those deadlines.  The Rule provides that "where the failure to act was the result of excusable neglect," a court may enlarge the time period.  Fed.R.Civ.P. 6(b).  The burden is on the party seeking an extension to make an "affirmative showing" of excusable neglect.  Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1568 (11th Cir.1987).  In Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that excusable neglect encompasses "inadvertence, mistake, or carelessness, as well as ... intervening circumstances beyond the party's control." Id. at 388, 113 S.Ct. at 1495.  Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." Id. at 395, 113 S.Ct. at 1498.

While the lock-down of Defendant's correctional institution may have prevented him from researching legal issues for his objections to the Magistrate's Report, Defendant could have easily requested a timely extension of the deadline for filing such objections.  Indeed, since Defendant alleges in his motion that the institution is currently "locked down," it is apparent that Defendant had readily available means with which to seek an enlargement of the filing deadline prior to its expiration.  Because Defendant could have extended the deadline for filing objections, the Court finds that Defendant has not shown excusable neglect for his failure to file timely objections to the Magistrate's Report.  Therefore, Defendant's motion for an extension of time is denied.

Defendant has also filed a Notice of Appeal, Doc. 1012, which the Court construes as an Application for a Certificate of Appealability ("COA").  Ordinarily, when a district court enters a final judgment, the filing of a notice of appeal divests the district court of its jurisdiction over the case and confers jurisdiction upon the appellate court.  See, e.g., Griggs v. Provident Consumer

Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, a prisoner must first obtain COA from the district court in order to confer jurisdiction on the appellate court.  See Miller-El v. Cockrell, 537 U.S. 322, 336 123 S.Ct. 1029 (2003)("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.").  Accordingly, the Court has jurisdiction to rule on Defendant's motion for extension of time.  Therefore, the Court therefore has two issues before it: whether Petitioner should be granted a COA, and if so, which issues should be certified for appeal.  Having considered the facts of this case and the applicable law, the Court finds that Defendant's request should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214.  All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear an appeal from the denial of a motion to vacate. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997).  Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to

proceed further.'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)). If a petitioner fails to make such a showing, his or her request for a COA must be denied. <u>See</u>, <u>e.g.</u>, <u>United States v. Riddick</u>, 104 F.3d 1239, 1241 (10th Cir. 1997); <u>Hohn v. United States</u>, 99 F.3d 892, 893 (8th Cir. 1996), <u>petition for cert. filed</u> (May 12, 1997) (No. 96-8986).

Defendant states that the Court has not addressed his § 2255 issues, that the Magistrate incorrectly found that <u>United States v. Booker</u>, ____ U.S.____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004), was inapplicable to the instant case, and that the Court lacks jurisdiction over the Defendant. The Magistrate clearly addressed Defendant's motion to vacate, so the first point is not well-taken. As to Defendant's second claim, the Eleventh Circuit has determined that <u>Booker</u> is not retroactively applicable to cases on collateral review, since "<u>Booker's</u> constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005). Therefore, no reasonable jurist would debate the fact that Defendant's <u>Booker</u>-challenge was properly dismissed. Finally, Defendant's allegation that the Court lacks jurisdiction is also without merit. As the Magistrate pointed about, this Court has original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231. Because Defendant was tried and convicted of the offense charged in the Superseding Indictment–conspiracy to commit a drug offense–no reasonable jurist would debate that the Court has jurisdiction. Accordingly, no reasonable jurists would debate the fact that Defendant's motion to vacate was properly dismissed. Therefore, Defendant cannot make a substantial showing of the violation of a constitutional right, and the Application for Certificate of

Appealability is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for an Extension of Time, Doc. 1010, is DENIED.

2. Defendant's Notice of Appeal, Doc. 1012, construed as an Application for a Certificate of Appealability, is DENIED.

3. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *11th* day of July, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge