IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                CASE NO. 1:99-cr-00015-MP -AK

FRANK MEROLD,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 1026, Response Titled "Affidavit of Objection, Inquiry and Challenge to this Tribunals Jurisdiction a True Bill in Legal Affidavit Form," and Doc. 1027, Notice and Declaration of Sovereignty and Non-abstract Status, by Frank Merold. Defendant collaterally attacks his sentence of imprisonment through the above referenced pleadings. Defendant's prior Motion to Vacate under 28 U.S.C. § 2255 was denied. As such, the pleadings are construed as a second motion under 28 U.S.C. § 2255.

Section 2255 requires that a second or successive motion must either contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or present "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(1) and (h)(2). Furthermore, a defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion in this court. § 2255(h) (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or

successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8 [now § 2255(h)]").

Defendant's claims regarding this Court's jurisdiction and his status as a sovereign are neither newly discovered evidence nor a new rule of constitutional law. In fact, Defendant raised the jurisdictional issue in his first § 2255 motion, which was denied. Moreover, Defendant has not obtained authorization from the Eleventh Circuit to file a second § 2255 motion in this court. Thus, Defendant's pleadings fail to meet the requirements for a second or successive § 2255 motion. Even if Defendant's pleadings met the statutory requirements, they fail to establish any reasonable basis for claiming a lack of jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's motions are DENIED.

2. The Clerk is directed to TERMINATE Doc. 1026 and Doc. 1027.

**DONE AND ORDERED** this __7th__ day of January, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge